# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JAMAKA BATTS,<br>        Appellant, | DOCKET NUMBER<br>DC-315H-16-0334-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>        Agency. | DATE: July 20, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Jamaka Batts, Newport News, Virginia, pro se.

Jason Snyder, Esquire, Ft. Lee, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On February 6, 2016, the appellant filed an appeal alleging that the agency wrongfully terminated her from her competitive-service position during her probationary period. Initial Appeal File (IAF), Tab 1 at 2, 5, 7, Tab 4 at 14. The administrative judge advised the appellant that, as a probationary employee, the Board might not have jurisdiction over her termination. IAF, Tab 2 at 3-4. She ordered the appellant to file evidence or argument addressing the jurisdictional issue. *Id.* at 4-5. In addition, the agency moved to dismiss the appeal on the basis that the Board did not have jurisdiction because the appellant was a probationary employee. IAF, Tab 4 at 7-8. The administrative judge provided notice to the appellant that she could respond to the agency's motion. IAF, Tab 5. The appellant did not respond to either the administrative judge's order or the agency's motion. The administrative judge dismissed the appeal for lack of jurisdiction and denied the request for a hearing, finding that the appellant was a probationary employee with no statutory right of appeal to the Board and had not nonfrivolously alleged any cause of action that would otherwise enable the Board to exercise jurisdiction over her claim. IAF, Tab 1 at 3, Tab 6, Initial Decision

(ID) at 2-4. The appellant has filed a petition for review to which the agency has not responded. Petition for Review (PFR) File, Tab 3 at 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3  The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board's statutory jurisdiction over a removal from the competitive service is limited to the removal of an individual who is not serving a probationary or trial period under an initial appointment or who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. *See* 5 U.S.C. § 7511(a)(1)(A); *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341 (Fed. Cir. 2002). The appellant bears the burden of proving by preponderant evidence that the Board has jurisdiction over her appeal. 5 C.F.R. §1201.56(b)(2)(i)(A).

¶4  The appellant conceded that she was a probationary employee with a total of 11 months of Federal service. IAF, Tab 1 at 2, 5. Therefore, we agree with the administrative judge that the Board does not have statutory jurisdiction over the appeal. ID at 3. Nonetheless, under Office of Personnel Management regulations, the Board may exercise jurisdiction over a probationary termination if the employee makes nonfrivolous allegations that her termination was based on discrimination due to partisan political reasons or marital status or that her termination was based on pre-appointment reasons and was not effected in accordance with the procedural requirements of 5 C.F.R. § 315.805. *See* 5 C.F.R. § 315.806; *see also West v. Department of Health & Human Services*, 122 M.S.P.R. 434, ¶¶ 7-8 (2015); *Jafri v. Department of the Treasury*, 68 M.S.P.R. 216, 219-21 (1995), *aff'd*, 78 F.3d 604 (Fed. Cir. 1996) (Table); *Taylor v. Environmental Protection Agency*, 61 M.S.P.R. 188, 192 (1994). The appellant did not advance any claims that would give the Board

regulatory jurisdiction over her appeal. IAF, Tab 1; ID at 3. Her petition for review also did not address the Board's lack of jurisdiction. PFR File, Tab 3; ID at 2. Because the appellant did not make nonfrivolous allegations of circumstances that would bring her appeal within the Board's jurisdiction, the administrative judge properly dismissed the appeal without a hearing. *Graham v. Department of Justice*, 50 M.S.P.R. 285, 288 (1991).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                           Jennifer Everling
                           Acting Clerk of the Board

Washington, D.C.